McIlvaine, J.
Several propositions involved in this case have been settled by former decisions of this court, and others must be controlled by deductions of necessity to be .drawn from such decisions. 1. A mortgage defectively ex'-ecuted is not entitled to record under our registry laws. 2. An unrecorded mortgage, or a defectively executed mortgage, whether recorded or not, does not vest in the mortgagee any interest in the premises, either legal or equitable, as against subsequent purchasers or judgment creditors of the mortgagor. 3. As between the parties to such mortgage, whether it be duly executed and not recorded, or defectively executed and recorded or not, equity will give it effect according to the intention of the parties. 4. A defective mortgage, when reformed, will not affect the lien of a judgment intervening between the date of the execution and the reformation. Hood v. Brown, 2 Ohio, 59; Mayham v. Combs, 14 Ohio, 428; White v. Denman, 16 Ohio, 59 ; White v. Denman, 1 Ohio St. 110 ; Fosdick v. Barr, 3 Ohio St. 471; Holliday v. Franklin Bank, 16 Ohio, 533.
The question,now to be determined on distribution of thn proceeds of a homestead grow out of an apparent conflict of rights, namely : on the claim for an award in lieu of the homestead; on a claim under a defective mortgage; and on liens of subsequent judgments. The respective claims oj. the parties would make the case thus : the homestead right superior to the judgment liens ; the judgment liens superior to the mortgage; and the right under the *475 mortgage superior to the homestead—a triangular case-somewhat similar to Holliday v. Franklin Bank, supra.
But we are relieved from difficulty in this case by section 4 of the act of April 9,1869 (66 Ohio L. 50), which provides:
“ “When a homestead shall be charged with liens, some of which, as against them, preclude the allowance of a homestead to either the head of the family or the wife, and others of such liens do not preclude the allowance of such homestead, and a sale of such homestead is had, then of the proceeds of such sale, after the payment of the liens so precluding the allowance of such homestead, the balance, not exceeding five hundred dollars, shall be awarded to the head of the family, or the wife, upon the application of either . . in lieu of such homestead.”
Under this statute, judgment liens are lifted from so much of the proceeds of the sale of a homestead as may be awarded to the claimant in lieu of the homestead; so that, as to that portion of the proceeds, the judgment creditors can assert no claim either as against the debtor or his mortgagee. The judgment liens, which had attached to the whole premises, subject only to the right of the debtor to their use for a limited period, as a family homestead, were lost, as to the specific property, when sold under liens which precluded an allowance of a homestead, and, by virtue of the statute, were also discharged as to the portion of the proceeds awarded to the debtor in lieu of the homestead. This statute, however, does not affect the conventional rights of the parties to the mortgage.
It follows that the allowance in lieu of the homestead was absolutely discharged from all lien in favor of the judgment creditors, but was subject to the claim of the mortgage; and that the judgment liens, after the allowance in lieu of homestead, were superior to the rights of the mortgagee; and therefore the court below, having awarded to Peters and wife $500 in lieu of the homestead,, should have decreed to Thorniley, plaintiff in error, so- *476 much of that sum as was needed to satisfy the balance due on his mortgage.
In excluding the plaintiff in error from his equitable right in the sum so awarded to Peters and wife, we think the Court of Common Pleas erred, and for that error the judgment of affirmance as well as the judgment of Court -of Common Pleas should be reversed and cause remanded.

Judgment accordingly.

Welch, C. J., White, Rex, and Gilmore, JJ., concurred.